**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BRAD COULSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CAUSE NO. 3:06-CV-172 TS |
| | ) |
| JOHN R. VANNATTA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Brad Coulson, a *pro se* prisoner, filed this habeas corpus petition challenging the Miami Correctional Facility Disciplinary Hearing Board's ("DHB") imposition of 60 days loss of good time in case MCF 05-10-0107, on October 12, 2005. The respondent has filed a response. Mr. Coulson did not file a traverse and the time for doing so has long since passed.

A conduct report prepared on October 6, 2005, states that a correctional officer found a sealed envelope containing tobacco in Mr. Coulson's cell during a shakedown. The envelope's return address was Offender Coulson Brad #883863 and the envelope was addressed to Ben Coulson. Mr. Coulson was charged with and found guilty of possession of tobacco. Mr. Coulson's appeals to the Facility Head and the Final Reviewing Authority were denied.

Mr. Coulson raises two grounds in this challenge. First, Mr. Coulson alleges that the Department of Corrections procedures were not followed because the officers should have initiated an internal investigation before opening up his outgoing mail. This type of claim is not proper in habeas corpus proceedings, where relief is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). Because this Court cannot grant habeas corpus relief based on the violation of a prison rule, it is not relevant whether these rules were violated. *See Estelle v. McGuire*,

502 U.S. 62 (1991). Furthermore, the First Amendment does not prohibit prison officials from inspecting outgoing mail. *United States v. Whalen*, 940 F.2d 1027, 1034 (7th Cir. 1991).

In his second argument, Mr. Coulson argues that he was denied the opportunity to present a witness statement by Offender Crawley. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that Mr. Coulson be permitted to submit relevant exculpatory evidence. The evidence reveals that Mr. Coulson was not denied this opportunity because Offender Crawley's statement was taken and submitted to the DHB for review. (Resp. Exh. E).

In his third argument, Mr. Coulson suggests that the evidence was insufficient to prove his guilt because his cell mate confessed that the tobacco was his. Offender Crowley submitted the following statement:

> On the date I was shaken down I saw the c/o coming to my cell so I grabbed an envelope and put my tobacco in the envelope. The envelope ended up being my bunkee's and it had his address on the envelope.

(Resp. Exh. D).

When analyzing a challenge to the sufficiency of the evidence,"the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Therefore, "once the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the DHB found Crowley's statement incredible because it was unreasonable that he would stuff a bag of tobacco in his cell mate's envelope and leave it in a common area during a shakedown, but later claim that he owned the tobacco. This court is not required to independently assess witness credibility, but only to determine whether there is some evidence to support the DHB's decision. *See McPherson*, 188 F.3d at 786. Because the tobacco was found in Mr. Coulson's sealed envelope in his cell, there is some evidence to support the board's finding that he is guilty of possessing tobacco, despite Crowley's statement that the tobacco was his. *See Hill*, 472 U.S. at 456–57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

SO ORDERED on December 19, 2006.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION